**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KEVIN PAUL MERTINS,

        Petitioner,

      v.                    CASE NO.  13-3001-RDR

C. MAYE,

        Respondent.

O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas.  The fee for filing a habeas corpus petition is $5.00.  Petitioner has neither paid the fee nor filed a motion to proceed in forma pauperis.  He will be given time to satisfy the filing fee in one of these two ways.  If he fails to satisfy the fee within the time allotted, this action may be dismissed without further notice.

Petitioner alleges the following in support of his petition. On May 29, 2012, he was searched by Officer Genter and found to be carrying a bag containing 40 cartons of milk taken from the Food Service.  Genter wrote an Incident Report (IR) charging Mertins with Possession of Stolen Property.  Genter later discovered that the milk had been discarded because it was expired and that Mertins had retrieved it from a trash can.  Prior to his disciplinary hearing, Mertins requested that Officer Genter be called as a witness.  Genter

1

planned to appear at petitioner's hearing initially scheduled for June 11, 2012, and "explain about the milk," but he took ill and went to the emergency room.  On September 11, 2012, Mertins had his hearing before Disciplinary Hearing Officer (DHO) B. Potts and again requested that Genter be called as a witness.  He explained that Genter would testify to having learned information that was not included in his IR, which would aid Mertins in his defense.  Potts refused to call Genter.  Petitioner was found guilty of Possessing Stolen Property and sanctioned with the loss of 27 days good time.

After his hearing, Mertins submitted a request that day to Potts asking for the IR number so that he could file an administrative appeal.  He received a response from Ms. Prier, Captain/DHO Secretary, stating that the IR number would be included on his DHO report, that he could not appeal until he received a copy of the DHO report, and that "[w]e are currently on March and April 2012's DHO reports."  He was further informed that once his report was done he would be provided with a copy and would have 20 days from that date to appeal.  On September 25, 2012, Genter wrote a Memorandum addressed to the BOP Regional Director stating he had discovered the milk was trash and would not have written the IR for Possessing Stolen Property.  Genter recommended that the charge and sanctions be reduced or expunged.

On October 7, 2012, petitioner sent an appeal to the Regional Office in which he complained that DHO Potts had violated his right

2

to call witnesses under *Wolff v. McDonnell*, 418 U.S. 439 (1974), and asked to have the guilty finding overturned.   Petitioner exhibits a Notice dated October 11, 2012, that this appeal was rejected and returned to him for the following reason:  "You must wait for the DHO's decision of the DHO Hearing before you may appeal to the Regional Office."   Mertins was directed to resubmit his appeal "within 20 days" of his receipt of the DHO's decision.   Nevertheless, Mertins went ahead and sent an appeal to the Central Office on October 26, 2012.   He was informed on November 29, 2012, that it had been rejected on procedural grounds.   On December 18, 2012, petitioner sent another request to Potts asking for the IR number so he could appeal.   As of the date he mailed his petition, Mr. Mertins had not received a reply to this request.

Based upon the foregoing facts, petitioner claims that his constitutional rights were violated because he was not allowed to call Genter as a witness at his disciplinary hearing.   He also claims that he is "being denied meaningful access to the administrative remedy process" and a "meaningful opportunity to resolve" his issues within the BOP.   He acknowledges that BOP policy provides inmates with an administrative remedy process and that an inmate is required by federal law to fully exhaust administrative remedies.   However, he claims that he is being prevented from exhausting BOP remedies by the BOP's failure to provide the DHO Report.   Petitioner appears to assert that the court should excuse exhaustion due to "peculiar

urgency." In support, he alleges that his "halfway house papers will be filed within a month" and that the lost good time will affect his eligibility date. He also alleges facts indicating that there may be reason to assume that "prison administrators . . . will not act expeditiously." *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The court finds that a responsive pleading is required.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted twenty (20) days in which to either pay the filing fee of $5.00 or submit a properly supported Motion to Proceed in forma pauperis upon court-approved forms.

**IT IS FURTHER ORDERED** that respondent is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted; that the petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

**IT IS FURTHER ORDERED** that petitioner shall serve upon the United States Attorney for the District of Kansas a copy of every further pleading or other document submitted for consideration by this court, and that petitioner's pleadings must contain a certificate of service indicating the date a true and exact copy was mailed to the United States Attorney. Any material submitted for

4

filing which does not include a certificate of service will not be accepted by the court.

The clerk is directed to send petitioner IFP motion forms.

**IT IS SO ORDERED.**

**DATED:  This 4th day of January, 2013, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**