IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN PAUL MERTINS,

             Petitioner,

        v.                          CASE NO.  13-3001-RDR

C. MAYE,

             Respondent.


MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL).  The court issued a show cause order to respondent who filed an Answer and Return (A&R).  Petitioner filed a Traverse to which respondent responded, and petitioner filed a "Reply to Respondent's Response to Traverse".  Having considered all the materials filed, the court finds that the claims raised in the petition are moot due to a voluntary rehearing, which clearly provided those specific elements of due process that petitioner claimed were denied in his first disciplinary hearing.  Accordingly, this action is dismissed without prejudice.

BACKGROUND FACTS

The following facts are not in dispute.  At the time this action was filed Mr. Mertins was serving a sixty-three month

sentence at the USPL for Felon in Possession of a Firearm.   On
May 29, 2012, he was searched by Officer Genter as he attempted
to enter A Cell House.    Officer Genter found a bag that
contained 40 cartons of milk,[1] which he immediately assumed had
been stolen from Food Services.    Officer Genter wrote Incident
Report (IR) No. 2309204 charging Mr. Mertins with Possession of
Stolen Property in violation of Code 226, and the IR was
delivered to petitioner that morning.   Two days later petitioner
appeared before the UDC, where he stated that Officer Genter had
told him to call Genter as a witness that the milk was taken
from the trash and the charge should be possession of
contraband.    The UDC referred the matter to the DHO
(Disciplinary Hearing Officer).   Petitioner appeared before the
DHO on September 11, 2012, having requested that the reporting
officer be called as a witness and assuming Genter's statement
would serve as his defense.   However, Officer Genter was ill and
unavailable.   Petitioner declined a staff representative, made a
brief statement, and presented no documentary evidence.   The DHO
believed "the reporting officer's testimony was adequately
contained" in the IR and found Mr. Mertins guilty as charged.
The sanctions imposed included loss of 27 days of good conduct
time.

---

[1]    Mr. Mertins states in his Traverse that he took the cartons of milk to
give to cats living on the recreation yard.

On the day Mr. Mertins was found guilty, he wrote to "DHO Secretary" Ms. Prier that his copy of the IR did not "contain the incident report number," and he needed "this number to file an appeal." Petition, Attachments (Doc. 1-1) at 6. Prier responded: "The IR number will be included on your DHO report. You can't appeal until you receive a copy of the DHO report." *Id.*

On September 25, 2012, which was a couple weeks after petitioner's disciplinary hearing, Officer Genter wrote a Memorandum addressed to the BOP Regional Director stating he had discovered "sometime later" that "the milk was actually expired and had been discarded and Mertins had retrieved it from a trash can." *Id.* at 2. Genter further stated that he had intended to appear before the DHO at petitioner's hearing "to explain about the milk but was taken ill." *Id.* In addition, Genter stated he would have testified that he "no longer felt that the Offense amounted to Possessing Stolen Property but rather Code 305 Possession of Anything Not Authorized," and that he likely "would have dealt with the matter in a far different manner such as Informal Resolution or the previously mentioned lesser charge." *Id.* Genter noted "Mertin's record of otherwise clear conduct" and recommended that the charge and sanctions "be reduced or expunged." *Id.*

On October 7, 2012, petitioner sent his administrative

3

appeal to the Regional Office in which he complained that DHO
Potts had violated his right to call a witness under *Wolff v.
McDonnell*, 418 U.S. 439 (1974).   He asked to have the guilty
finding annulled and the IR returned to Genter "for further
processing."   *Id.* at 3.   Petitioner received a Notice dated
October 11, 2012, that his Regional Appeal was rejected and
returned to him for the following reasons: "You must wait for
the DHO's decision of the DHO Hearing before you may appeal to
the Regional Office."   *Id.* at 4.   Mertins was directed to
resubmit his appeal "within 20 days of the date you receive the
DHO's decision."   *Id.*  On October 26, 2012, Mertins went ahead
and sent an appeal to the Central Office.

On December 18, 2012, petitioner sent a "Request to Staff"
to DHO B. Potts stating that he "could not find any evidence
substantiating a requirement" that he wait until after his
receipt of the DHO's written report to begin the administrative
appeal process.   He also again requested the IR number.   *Id.* at
7.   As of the date he mailed his petition to this court, Mr.
Mertins had not received a reply to this request.   *Id.*

Petitioner was informed on November 29, 2012, that his
Central Office appeal was rejected on procedural grounds but did
not receive written notice.   Respondent provides an
administrative remedy retrieval record showing the rejection
status of this Central Office appeal dated December 11, 2012.

4

A&R, Attachments (Doc. 5-1) at 30.   The instant petition was received by the court on January 2, 2013.

DHO Potts was apprised of the instant court action shortly after it was filed and reviewed documents filed in this case including Genter's Memorandum.   As a result, Potts "determined to hold a re-hearing of Petitioner's Incident Report No. 2309204."   *Id.* (Doc. 5-2 at 6)(Potts Affid.).   Mr. Mertins was provided notice, and the rehearing was conducted on January 22, 2013.   *Id.* at 57.   Petitioner declined a staff representative, declined to make a statement, and presented no documentary evidence.   He called Officer Genter as a witness, who testified that a couple days after the incident he learned the Food Services Department had thrown out the expired milk.   *Id.* at 8. Genter further stated that he could have handled the IR differently and would have written it for a Code 305, Possession of Anything Unauthorized.   *Id.*   DHO Potts conducted the rehearing and provided a detailed written statement of the evidence considered and the reasons for her decision.   *Id.* at 62-63.   Potts stated that she had considered all the evidence presented at the rehearing along with petitioner's statements during the investigation and at the prior hearings and the written and oral statements of Officer Genter.   *Id.* at 62.   She found it undisputed that Mr. Mertins was in possession of the milk and that he was guilty of the offense of possession of

stolen property as charged because there was no evidence indicating that anyone else had taken the milk or that staff had authorized petitioner to take it. *Id.* The DHO imposed the same sanctions upon Mr. Mertins as at his first hearing including the loss of 27 days good conduct time, and found they had all been served after the original hearing. *Id.* at 63. The DHO Report from the rehearing was provided to petitioner on February 1, 2013. *Id.*

**DISCUSSION**

**1. *Mootness***

As a threshold matter, respondent contends in his A&R that the issues presented in the petition are now moot and that this court lacks jurisdiction as a result. In support, respondent alleges that the circumstances existing when this action was filed "have completely changed" in that petitioner was afforded a rehearing, the sanctions imposed were re-evaluated, and the original disciplinary proceedings no longer exist. More specifically, respondent argues that the due process elements alleged to have been denied petitioner in his first hearing, namely his request for witness Genter and the DHO report, were afforded in his rehearing. Thus, respondent argues that there is no further relief for this court to grant.

In response to the mootness issue, petitioner argues that he seeks return of his good time and that the constitutionally

deficient rehearing did not cure the constitutionally deficient original hearing because he was denied due process at both. He asks the court to restore his good time and expunge the disciplinary action from his record.[2]

Under Article III of the United States Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case or controversy requirement continues through all stages of federal judicial proceedings. *Id.* at 477-478. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(quoting *id.* at 477). "[A] claim is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). When a party "has already received the relief that he is seeking from this Court, . . . the issue is no longer live," and the case is moot. *United States v. Beltran-Gabito*, 280 F. Appx. 861, 863 (11th Cir. 2008)(citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)); *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994)("Article

---

[2]    This was petitioner's only disciplinary report at the USPL.

III's requirements that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing.")(superceded by statute on other grounds).  The Tenth Circuit Court of Appeals previously found after a rehearing of a disciplinary conviction that "even if there were due process violations at" the first hearing, the court had no basis for overturning the inmate's conviction at the rehearing because the loss of good time was a sanction "imposed as a result of the second hearing."  *Blum v. Federal Bureau of Prisons*, 189 F.3d 477, *1 (Table)(10th Cir. 1999).  The Tenth Circuit recently held in another unpublished decision that a § 2241 habeas petitioner's claims were mooted "when prison officials set aside his disciplinary conviction and ordered a third hearing." *Craft v. Jones*, 473 Fed.Appx. 843, 845-846 (10th Cir. 2012).  The court reasoned that the petitioner's "claims sought no relief that was not granted by prison officials," and therefore his claims were moot.

In his petition filed before the rehearing was conceived, Mr. Mertins challenges the decision rendered as a result of his initial disciplinary hearing conducted on September 11, 2012. The grounds alleged for that challenge are (1) that his constitutional rights were violated because he was not allowed

to call Officer Genter as a witness, and (2) that he was "denied meaningful access to the administrative remedy process" and a "meaningful opportunity to resolve" his issues within the BOP due to their failure to provide the DHO Report or number. The relief sought in the petition is restoration of petitioner's good conduct time in order to avoid the adverse impact upon his half-way house eligibility date. He seeks this relief based upon the alleged due process violations in his first disciplinary hearing. This sanction was effectively undone by the agency's determination that a rehearing was required. The loss of good conduct time that was imposed on January 22, 2013, resulted from petitioner's rehearing on that date. Respondent has shown and petitioner does not dispute that the rehearing was conducted on IR No. 2309204 at which Mr. Mertins appeared, that Officer Genter was allowed to testify on petitioner's behalf, and that petitioner was timely provided a copy of the DHO report of the rehearing. Assuming that this court found due process violations in petitioner's first hearing and the BOP had not voluntarily provided the rehearing, the relief that Mr. Mertins would have received in this court is an order requiring the respondent to restore petitioner's good conduct time unless a new hearing was conducted that complied with due process. *See Sabatino v. Davis*, 2010 WL 936062, *4 (D.Colo. 2010). The BOP's grant of the rehearing afforded petitioner all of the relief he

could have received in this court. *Id.* Because the rehearing was provided, the allegations in the petition regarding the initial hearing have been rendered moot. *Id.* (citing *see Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995)(holding that the petitioner's federal habeas application was rendered moot because the state court reversed and remanded for new trial petitioner's initial conviction before federal district court reached the merits of petitioner's habeas petition, thus providing petitioner with all the relief the federal court could have provided); *Harper v. Lee,* 938 F.2d 104 (8th Cir. 1991)(failure to provide inmate with right to present log books at disciplinary hearing was cured when he was granted a rehearing and allowed to put the log books into evidence.).

The court concludes that Mr. Mertins' claims in his petition of due process deprivations at his first disciplinary hearing are moot and this action must be dismissed without prejudice for lack of jurisdiction. *Craft*, 473 Fed.Appx. at 846; *Williams v. Kastner*, 2015 WL 431400, *6 (W.D.Okla. 2015)(noting dismissal of habeas claims on mootness grounds should be without prejudice)(citing *id.)*).

2. ***Exhaustion***

Respondent also argues in the A&R that this action should be dismissed because Mr. Mertins never properly exhausted the issues raised in his petition with respect to the alleged due

10

process violations at his initial disciplinary hearing. Petitioner argues in his Traverse that respondent's exhibit C shows to the contrary that he timely "appealed the DHO's decision to both the regional and central office," that he included all the requisite information in that grievance, and that it was "beyond his control" that the USPL failed to provide the DHO report, the absence of which caused his appeals to be rejected on procedural grounds. Petitioner further alleges, and respondent does not dispute, that Mr. Mertins never received the DHO report from the first hearing. Petitioner reasonably claims as a consequence that the court should waive the exhaustion prerequisite in this case.

The court declines on the record before it to dismiss the petition for failure to exhaust administrative remedies on the claims regarding petitioner's first hearing. In any event, whether or not Mr. Mertins properly and fully administratively appealed his first hearing has little relevance since he was provided a complete rehearing that cured the defects in his first.

## 3. *Due Process*

Finally, respondent argues in the A&R that petitioner's due process rights were not violated at "the hearings" and that the procedural elements required by *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974), were "fully met" at the rehearing, including

that the record clearly reflects "some evidence" to find that Mr. Mertins possessed stolen property as charged.

Petitioner argues in his Traverse that he was not given sufficient notice of the prohibited conduct in that a person of ordinary intelligence would not consider items discarded in the trash to still be the property of another. He reasons that the milks were never stolen and thus there was no evidence that he was in possession of "stolen" property. Finally, petitioner claims that DHO Potts was not an impartial decision maker because she again found him guilty of possession of stolen property despite the reporting officer's opinion testimony that petitioner was not guilty of this offense.

Respondent argues in response to the Traverse that petitioner is attempting to raise new due process violations and issues based on the rehearing and contends that these new issues have not been exhausted. The court agrees that any claims petitioner may have regarding the rehearing were not raised in his petition or a properly amended petition, and that each such claim must have been fully and finally appealed before it may be raised in a federal habeas corpus petition.

Respondent also attempts to counter petitioner's new claims by arguing that the milk remained property of the federal government so there was some evidence it was stolen and that the record shows in detail the evidence considered by the DHO and

the reasons for her decision, which effectively counters petitioner's completely unsupported claim of bias. Petitioner replies that both hearings contained due process violations and resulted in the same sanction, loss of 27 days good conduct time. He also argues that he believed Officer Genter's testimony would be enough of a defense and had inadequate notice that a different defense would be necessary.

The record shows that in connection with his rehearing, Mr. Mertins was provided the three essential elements of due process.[3] He was given notice of the hearing and the charged misconduct, the opportunity to present Officer Gunter as his witness, and a detailed written account of the evidence relied upon and the reasons for the action taken. Petitioner's legal

---

[3] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Nevertheless, "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause . . . .'" *Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991)(quoting *Ponte v. Real*, 471 U.S. 491, 495 (1985)). When a prison disciplinary proceeding may result in the loss of good conduct credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, MCI, Walpole v. Hill*, 472 U.S. 445, 454 (1985). A review of prison disciplinary proceedings under these standards does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing the evidence." *Id.* at 455. In addition, substantive due process requires that the taking of credits be supported by "some evidence," so that the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-456. In sum, this court's review of petitioner's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

argument that taking 40 cartons of milk from the Food Services trash cannot constitute possession of stolen property does not convince the court that the DHO's decision finding some evidence of his guilt of taking property without authorization that was not his in the necessarily very restricted prison setting, was arbitrary and capricious. Even if the decision of DHO Potts upon rehearing might seem unnecessarily formulaic or the court might have decided this matter differently,[4] it has not been shown to have been so arbitrary or capricious as to amount to a violation of petitioner's constitutional rights. Thus, even if the rehearing did not moot petitioner's claims, the court would find that petitioner is entitled to no relief.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed as moot, and all relief is denied without prejudice.

**IT IS SO ORDERED.**

**DATED: This 18th day of May, 2015, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**

---

[4]     Officer Genter is to be commended for his honest attempts to rectify what he came to believe was his initial incorrect presumption.